# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CAROL A. WILSON, et al.,

      Plaintiffs,

   v.                                            Civil Action 2:17-cv-1071
                                                   Magistrate Judge Jolson

EBONY CONSTRUCTION LLC,

      Defendant.

## OPINION AND ORDER

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c), is before the Court on Defendant's Motion for Leave to File an Amended Answer and Defenses and Counterclaims ("Motion for Leave to Amend") (Doc. 14) and its Motion for Fed. R. Civ. P. 56(d) Relief ("Rule 56(d) Motion") (Doc. 23). For the reasons that follow, the Motion for Leave to Amend (Doc. 14) is **GRANTED** and the Rule 56(d) Motion (Doc. 23) is **GRANTED in part**.

**I.    BACKGROUND**

Plaintiffs are the Administrator and Trustees of jointly administered, multiemployer fringe benefit programs established for the benefit of employees who perform work pursuant to collective bargaining agreements with the International Union of Operating Engineers, Local Nos. 18, 18A and 18B (the "Union"). (Doc. 1 at ¶¶ 2, 9). The Administrator of the Funds is Plaintiff Carol A. Wilson. (*Id*. ¶ 2). Plaintiffs brought suit against Defendant Ebony Construction Co. ("Ebony"), alleging that Defendant failed to pay a significant amount of fringe benefit contributions owed under the collective bargaining agreement. (*Id*. at ¶¶ 6–8). Plaintiffs filed suit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, to recover these contributions. (*Id*. at ¶ 1).

Under the current scheduling order, discovery closes on October 12, 2018, and dispositive motions are due November 15, 2018. (Doc. 13). On July 7, 2018, Defendant filed its Motion for Leave to Amend. (Doc. 14). Plaintiffs opposed that Motion on July 27, 2018 (Doc. 17), and Defendant filed a Reply (Doc. 22). On July 27, 2018, Plaintiffs filed a Motion for Summary Judgment. (Doc. 16). Rather than filing an opposition, Defendant filed a Motion for Rule 56(d) relief, seeking "additional time to complete discovery before responding to Plaintiffs' Motion for Summary Judgment in order to complete written discovery and conduct depositions." (Doc. 23). Plaintiffs opposed the Rule 56(d) Motion (Doc. 24), and Defendant filed a Reply (Doc. 25). Thus, both Motions are now ripe for review.

## II.     MOTION FOR LEAVE TO AMEND (Doc. 14)

Defendant seeks leave from this Court to amend its answer, defenses and counterclaims, alleging, specifically, that the Funds are wrongfully diverting its monthly benefit contributions to the amounts currently disputed in this action. (*See generally* Doc. 14).

### A. Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." However, "[o]nce a scheduling order's deadline passes, a [party] first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "Rule 16, in other words, prescribes the time by which any motion for leave to amend must be filed; Rule 15 provides guidance to the courts on deciding the merits of timely motions." *Cooke v. AT&T Corp.*, No. 2:05-CV-374, 2007 WL 188568, at *1 (S.D. Ohio Jan. 22, 2007). This rule, which allows a liberal policy in favor in favor of granting amendments, "reinforce[s] the principle

2

that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 183 (1962).  Relevant here, "[a]t this stage of the litigation, the Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015).

Here, the parties dispute the deadline by which a party needed to seek leave to amend. Defendant proposed the parties' current case schedule (Doc. 12), which provides that "[a]ny motion to amend the pleadings or join additional parties shall be filed on July 7, 2018. (*See id*. at ¶ 7). The Court adopted this case schedule. (Doc. 13). However, Defendant filed its Motion for Leave to Amend two days late, on July 9, 2018. (Doc. 14). Defendant explains that it filed its Motion on the Monday following the Saturday deadline "due to an innocent, but mistaken application of [Fed. R. Civ. P.] 6(a)(1)(C) to automatically treat its Saturday deadline as extended to Monday." (Doc. 22 at 3). The Court gives Defendant the benefit of the doubt and views its misunderstanding as "excusable neglect" under Fed. R. Civ. P. 6(b). Accordingly, the Court treats Defendant's Motion as if timely filed and applies Fed. R. Civ. P. 15(a)'s liberal standard for amendment.

### B. Discussion

In reviewing their briefing on this matter, the Court finds that the parties rely on opposing interpretations of the operative contracts and starkly different perceptions of the critical facts at issue. For example, Defendant contends that "Plaintiff-Funds are attempting to circumvent the judicial process in this case by wrongfully diverting Ebony Construction's current monthly benefit contributions and applying those contributions to the amounts that the Funds claim Ebony Construction owes them in this lawsuit, which are disputed." (Doc. 14 at 1). Plaintiffs respond that ERISA preempts such counterclaims, and that the Funds "have discretion to determine allocation of contributions as ERISA fiduciaries." (Doc. 17 at 4–7 (citing *Bunn Enterprises, Inc. v. Ohio Operating Engineers Fringe Ben. Programs*, 7 F. Supp. 3d 752 (S.D. Ohio 2014), *aff'd* 606 F. App'x 798 (6th Cir. 2015))). Thus, Plaintiffs argue, amendment is futile. In contrast, Defendant asserts that ERISA is silent on this matter but that federal law recognizes a common law claim for restitution of overpayments made to multiemployer plans. (*See* Doc. 22 at 10 (citing *Trustees of Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, 371 F. App'x 654 (6th Cir. 2010))).

It may well be the case that ERISA preempts Defendant's proposed counterclaims. However, given the parties' opposing characterizations of the contracts and applicable law at issue, the Court cannot conclude at this stage, that the futility of Defendant's amendment "is so obvious that it should be disallowed." *Bear*, 2015 WL 1954451, at *3. Accordingly, the Court **GRANTS** Defendant's Motion for Leave to Amend (Doc. 14).

### III. RULE 56(D) MOTION (Doc. 23)

Defendant has also moved for relief under Fed. R. Civ. P. 56(d), alleging that it must have an opportunity to complete discovery to respond sufficiently to Plaintiffs' summary judgment

motion. (*See generally* Doc. 23). As set forth below, the Court finds that Defendant has met its burden under Rule 56(d) and accordingly allows Defendant to pursue discovery before responding to Plaintiffs' summary judgment motion.

**A. Standard**

Rule 56(d) of the Federal Rules of Civil Procedure establishes the proper procedure when a party asserts that additional discovery is necessary to respond to a motion for summary judgment:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Rule 56(d) is intended to provide a mechanism for the parties and the court 'to give effect to the well-established principle that the plaintiff must receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2012 WL 1340369, at *2 (S.D. Ohio April 17, 2012) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009)). "Likewise, it is improper to grant summary judgment if [the party seeking Rule 56(d) relief] is given an insufficient opportunity for discovery." *Dish Network LLC v. Fun Dish Inc.*, No. 1:08-CV-1540, 2011 WL 13130841, at *3 (N.D. Ohio Aug. 12, 2011) (citing *White's Landing Fisheries, Inc. v. Bucholzer*, 29 F.3d 229, 231–232 (6th Cir. 1994)).

As for the required affidavit or declaration, it must "'indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information.'" *Clifford v. Church Mut. Ins. Co.*, No. 2:13-CV-853, 2014 WL 5529664, at *2 (S.D. Ohio Nov. 3, 2014) (alterations in original) (quoting *Cacevic*

5

*v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). "The Sixth Circuit has held that it is not an abuse of discretion for the district court to deny the Rule 56 request for discovery when the party 'makes only general and conclusory statements [ ] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be discovered.'" *Snow v. Kemp*, No. 10-2363-STA-CGC, 2011 WL 345864, at *1 (W.D. Tenn. Feb. 2, 2011) (second alteration in original) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)).

Where, as here, the party seeking relief under Rule 56(d) has complied with the Rule's procedural requirements, "the Sixth Circuit has provided guidance as to the factors a court should evaluate in considering whether to permit the requested discovery." *Cressend v. Waugh*, No. 2:09-CV-01060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011) (citing *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)).

> These factors include (1) when the [party seeking discovery] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would . . . change[] the ruling . . . ; (3) how long the discovery period has lasted; (4) whether the [party seeking discovery] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgment] was responsive to discovery requests.

*Id.* (alterations in original) (internal quotation marks omitted) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)). Relevant here, the Sixth Circuit has made clear that "[i]f the [party seeking relief under Rule 56(d)] has not 'receive[d] a full opportunity to conduct discovery,' denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Id.* (second alteration in original) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

### B. The Discovery at Issue

Defendant argues that it requires numerous pieces of discovery before it can respond fully to Plaintiffs' summary judgment motion. (*See generally* Doc. 23). The Court places the discovery into three categories. First, Defendant contends it is entitled to discovery regarding the Funds' "oldest outstanding balance policy," arguing that Plaintiffs "seek damages based on [the policy]." (*Id*. at 13). Defendant's request for this policy and Plaintiffs' response provides:

> 5. All documents reflecting on, referring to, or relating to Plaintiffs' policy to credit contributions towards the oldest outstanding amounts due as claimed in the Funds' letter dated May 14, 2018 to Andrew J. Marton.
>
> Response: Objection. Request seeks production of documents not relevant to any of Plaintiffs' claims or Defendants' defenses. Any policy of the funds regarding application of contributions to outstanding amounts is of no significance to whether [sic] Defendant is currently obliged to make the alleged contributions owed to the funds pursuant to the CBA.

(Doc. 23-9 at 4). Defendant maintains that "[t]he Funds' assertion that this document request is irrelevant cannot be reconciled with the fact that the Funds attached an affidavit of their Administrator specifically referring to and relying on that very policy." (Doc. 23 at 13–14 (citing Doc. 16-1 at ¶ 7 ("Per the policy of the Funds, these January-May 2018 payment amounts were applied to the older delinquent contributions found in the September 20, 2017 audit first, which resulted in amounts due for January-May 2018 to remain unpaid."))).

Second, Defendant seeks an audit conducted on July 10, 2018, which Plaintiffs originally refused to produce, arguing that it was irrelevant. (*See id*. at 14 (citing Doc. 23-10 at 6)). It appears, however, that Plaintiffs recently produced the requested audit on September 4, 2018. (*See* Doc. 24 at 2 n.1; Doc. 25 at 3). While Defendant takes issue with Plaintiffs' delay in producing the audit (*see* Doc. 25 at 7–8), the Court finds that this discovery dispute has been sufficiently resolved.

Third, Defendant alleges that Plaintiffs "refused to provide other documents critical to conducting depositions in this case and ultimately responding to a Motion for Summary Judgment." (Doc. 23 at 15). Defendant asserts that the Funds refused to provide:

- Documents exchanged between the Funds and Ebony Construction in response to document requests 2 and 3;
- The Funds' correspondence regarding Ebony Construction that the Funds had with labor organizations or other multiemployer plans in response to document requests 6 and 7;
- The Funds' correspondence with Ebony Construction's employees in response to document request 8; the Funds' bylaws, rules and regulations, reciprocal agreements, and resolutions pertaining to operation of the plans in response to document request 13;
- The Funds' trustee minutes in response to document request 14; and
- Communications between the Funds and Ebony Construction in response to document request 29.

(*Id*. at 15–16 (citing Docs. 23-1, 23-9)).

Plaintiffs respond that "[n]one of the Discovery will address the question of whether [Defendant] owed the delinquent contributions alleged." (Doc. 24 at 3). Plaintiffs emphasize that Section 515 of ERISA curbs Defendant's attempt to raise "'unrelated' and 'extraneous' defenses, i.e., those relying on facts established by extrinsic documents or information." (*Id*. (quoting *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 88 (1982))). Plaintiffs also assert that the Collective Bargaining Agreement is unambiguous, and, therefore, the requested discovery is inadmissible extrinsic evidence. (*See id.* at 4–9).

**C. Analysis**

As noted, *supra*, Defendant must clear a procedural hurdle and then, on balance, satisfy the *Plott* factors. As set forth below, the Court finds Defendant has met its burden under Rule 56(d) and is entitled to further discovery before responding to Plaintiffs' summary judgment motion.

8

1. **Defendant's Affidavit**

As a threshold matter, Defendant has complied with the technical requirements of Rule 56(d) by filing a motion setting forth the specific information it needs to respond to Plaintiffs' summary judgment motion. In other words, Defendant's motion properly "demonstrate[s] [its] need for further discovery with particularity." *Williams v. Goodyear Tire & Rubber Co.*, No. 11-2-35-STA, 2012 WL 1228860, at *3 (W.D. Tenn. Apr. 11, 2012). The Court does not find—nor do Plaintiffs argue—that Defendant's Rule 56(d) Motion "'makes only general and conclusory statements [] regarding the need for more discovery.'" *Cacevic*, 226 F.3d at 488 (quoting *Ironside*, 188 F.3d at 354). To the contrary, Defendant's Motion describes the discovery it seeks, specifically articulates the basis for its request, and provides a comprehensive explanation of the discovery's necessity. Accordingly, Defendant has cleared Rule 56(d)'s procedural hurdle.

2. **The *Plott* Factors**

Having found that Defendant has satisfied the procedural requirements of Rule 56(d), the Court now turns to the five factors from *Plott v. Gen. Motors Corp. See Cressend*, 2011 WL 883059, at *2 (citing *CenTra, Inc.*, 538 F.3d at 420). Considering the *Plott* factors in their entirety, the weight favors granting relief under Rule 56(d) for additional discovery. *See, e.g.*, *Brooks v. Sanofi-Aventis U.S., LLC*, No. 2:14-CV-976, 2015 WL 4399617, at *3 (S.D. Ohio July 17, 2015) (granting Rule 56(d) relief after finding that two of the five *Plott* factors weighed clearly in favor of relief and noting that, on balance, the weight of the factors permitted additional discovery).

i. *Timeliness and Diligence*

The Sixth Circuit has made clear that "[t]he main inquiry in assessing a request under Rule 56(d) is 'whether the moving party was diligent in pursuing discovery.'" *Bailey v. Sperry Van Ness/R.M. Moore, LLC*, No. 3:16-CV-128, 2016 WL 4250328, at *1 (E.D. Tenn. Aug. 10, 2016)

9

(quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)). Indeed, three of the five *Plott* factors hinge on issues of timeliness and diligence: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) how long the discovery period has lasted; and (3) whether the party seeking discovery was dilatory in its discovery efforts. *See Plott*, 71 F.3d at 1196–97. Notably, Plaintiffs do not dispute the importance of timeliness, nor do they argue that Defendant displayed a lack of diligence in its discovery efforts.

In weighing the *Plott* timeliness factors as a whole, the Court is particularly mindful of the early juncture of these proceedings. Discovery has not yet closed, and in fact, Plaintiffs moved for summary judgment approximately two-and-a-half months before the close of discovery. At this early juncture, the Court is wary to put the proverbial cart before the horse and rule on Plaintiffs' summary judgment motion. Indeed, "[t]he Sixth Circuit has admonished district courts that 'summary judgment should not ordinarily be granted before discovery has been completed.'" *Dish Network LLC*, 2011 WL 13130841, at *4 (quoting *Tarleton v. Meharry Med. Coll.*, 717 F.2d 1523, 1535 (6th Cir. 1983)). Under these circumstances, the three *Plott* timeliness factors weigh heavily in favor of granting Defendant's request to pursue discovery before responding to Plaintiffs' summary judgment motion.

Turning to the first timeliness factor—when Defendant learned of the issue that is the subject of the desired discovery—the Court finds that this factor weighs strongly in favor of Rule 56(d) relief. This is not a situation where Defendant knew about the discovery it sought and failed to take advantage of discovery. Nor do Plaintiffs make this argument. *See, e.g.*, *Miller v. Delaware Cty. Comm'rs*, No. 2:13-CV-501, 2015 WL 2194789, at *3 (S.D. Ohio May 11, 2015) (denying Rule 56(d) relief in part because plaintiffs knew about the discovery at issue but waited nearly ten months to conduct discovery). Here, Defendant timely requested the discovery at issue, but is

dissatisfied with Plaintiffs' responses. (*See generally* Docs. 23, 25). Accordingly, the first timeliness factor weighs in favor of allowing Defendant to complete discovery.

As for the second timeliness factor—how long the discovery period has lasted—the Court again notes the early stage of these proceedings. Rule 56(d) "recogni[zes] that a party should not be forced to respond to a motion for summary judgment without a reasonable opportunity to obtain evidence it needs to defeat a motion." *Bailey*, 2016 WL 4520328, at *2 (citing *McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir. 2005)); *see also Cressend*, 2011 WL 883059 at *2 ("If the [party seeking Rule 56(d) relief] has not 'receive[d] a full opportunity to conduct discovery,' denial of that party's Rule 56(d) motion and a ruling on a summary judgment motion would likely constitute an abuse of discretion.") (second alteration in original) (quoting *Ball*, 385 F.3d at 719); *Siggers v. Campbell*, 652 F.3d 681, 697 (6th Cir. 2011) (finding district court abused its discretion in denying plaintiff's motion to delay consideration of summary judgment motions in order to obtain more discovery). Notably, Plaintiffs do not argue that Defendant has failed to pursue discovery diligently. And, considering the early stage in the proceedings, the Court's decision to allow Defendant the opportunity to pursue discovery before responding to Plaintiff's summary judgment motion will not delay trial or otherwise prejudice Plaintiffs. *See, e.g.*, *Williams*, 2012 WL 1228860 at *4 (noting that, because the court continued the trial date, an opportunity for additional discovery would not prejudice plaintiff). Thus, considering that discovery has not yet closed, the Court finds that the second *Plott* timeliness factor weighs significantly in favor of granting Rule 56(d) relief.

Turning to the final *Plott* timeliness factor—whether the party seeking discovery was dilatory in its discovery efforts—the Court does not have any evidence—nor do Plaintiffs put forth any evidence—that Defendant purposefully delayed discovery. This is not, for example, a case in

which there were "ample opportunities for parties to conduct discovery beforehand" or where "the need for additional information is attributable to the party's own lack of diligence during the discovery period." *Peltier v. Macomb Cty., Mich.*, No. 10-CV-10796, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011) (quotations and citations omitted). *See, e.g.*, *Siler v. Webber*, 443 F. App'x 50, 56 (6th Cir. 2011) (holding that plaintiffs were dilatory when they had six months, including four separate extensions of time, to prepare their summary judgment response); *Tate v. Boeing Helicopters*, 140 F.3d 654, 661 (6th Cir. 1998) (holding that plaintiffs were dilatory when the complaint was filed roughly four and one-half years before the district court issued its order of summary judgment). The Court does not find that Defendant filed its Rule 56(d) Motion in bad faith or that it somehow delayed discovery. Rather, Defendant timely served its requests for the discovery at issue and has timely asserted its dissatisfaction with Plaintiffs' discovery responses and its alleged need for that discovery. Because the Court finds that Defendant was not dilatory in its discovery efforts, the final *Plott* timeliness factor also weighs strongly in favor of Rule 56(d) relief.

### ii. *Relevance of Requested Discovery*

The Court now turns to whether the desired discovery would change the Court's summary judgment ruling and whether the party moving for summary judgment was responsive to discovery requests. *See Plott*, 71 F.3d at 1196–97. First, in assessing whether the requested discovery would affect this Court's ruling, the Court finds that the evidence Defendant seeks "at least . . . ha[s] the potential to materially influence the Court's summary judgment determination." *Ashley Furniture Indus. Inc. v. Am. Signature, Inc.*, No. 2:11-CV-00427, 2011 WL 4383594, at *4 (S.D. Ohio Sept. 19, 2011). In other words, the requested discovery is not wholly "'irrelevant to the underlying issues to be decided.'" *Gonzalez v. Great Am. Ins. Co.*, No. 3:17-CV-293-TBR, 2018 WL 660639,

at *4 (W.D. Ky. Feb. 1, 2018) (quoting *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208-CRS, 2017 WL 6940734, at *9 (W.D. Ky. May 25, 2017)).

To be sure, the parties disagree as to the ultimate admissibility of the discovery at issue. However, at this juncture, the Court must simply decide whether the evidence "*might*" influence the court's perception of a genuine factual dispute. *Dobbins v. Craycraft*, 423 F. App'x 550, 554 (6th Cir. 2011) (emphasis added) (holding that district court abused its discretion in both denying Rule 56(d) relief and granting summary judgment motion). Therefore, even if the Court has not established that the discovery would change the ultimate outcome, the Court may still permit discovery under Rule 56(d) so that the parties may "develop the relevant facts." *Malibu Boats, LLC v. Mastercraft Boat Co.*, LLC, No. 3:15-CV-276-TAV-HBG, 2016 WL 589691, at *6 (E.D. Tenn. Feb. 11, 2016). Said differently, the Court is not required to reach the parties' arguments on the merits at this time. *See, e.g.*, *Kras v. Conifer Ins. Co.*, No. 2:16-CV-224-JD-JEM, 2016 WL 6893686, at *8 (N.D. Ind. Nov. 23, 2016), *reconsideration denied*, No. 2:16-CV-224-JD-JEM, 2017 WL 65311 (N.D. Ind. Jan. 6, 2017) (granting Rule 56(d) relief and allowing additional discovery despite the fact that the court had yet to rule on the parties' interpretation of the contract at issue); *Cent. Contracting, Inc. v. Kenny Const. Co.*, No. 11 C 9175, 2012 WL 832842, at *4 (N.D. Ill. Mar. 12, 2012) (same). *See also Graf v. Resilience Capital Partners*, LLC, No. 1:12-CV-2278, 2013 WL 12110251, at *2 (N.D. Ohio Nov. 26, 2013) (refraining from reaching the merits until plaintiff had an opportunity to conclude discovery efforts). In sum, this factor tilts slightly in Defendant's favor.

### iii. *Plaintiffs' Responsiveness to Discovery Requests*

Because the first four *Plott* factors weigh, on balance, in favor of granting relief under Rule 56(d), the Court need not reach the final *Plott* factor regarding whether Plaintiffs were responsive

13

to discovery requests. In any event, the Court—based on the parties' briefing alone—is not in a position to determine whether Plaintiffs have or have not been responsive to Defendant's discovery requests. And, for the purposes of resolving Defendant's Rule 56(d) Motion, the Court is not required to resolve whether Defendant is in fact entitled to all the discovery it seeks. *See, e.g.*, *Ashley Furniture Indus. Inc.*, 2011 WL 4383594 at *5 ("Recognizing the interests of judicial restraint and economy, the Court has purposefully refrained at this time from reaching discovery issues beyond its Rule 56(d) determination.").

Regarding their specific discovery disputes, the parties are **DIRECTED** to continue to meet and confer. The Court notes, however, that ERISA establishes a procedure to "streamline[] the process for collecting delinquent contributions to ERISA plans from employers by limiting 'unrelated' and 'extraneous' defenses." *Orrand v. Scassa Asphalt Inc.*, 794 F.3d 556, 562 (6th Cir. 2015) (quoting *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 88 (1982)). Indeed, "Congress adopted § 515 [of ERISA] because 'simple collection actions brought by plan trustees ha[d] been converted into lengthy, costly and complex litigation concerning claims and defenses *unrelated* to the employer's promise and the plans' entitlement to the contributions, and steps [were required] to simplify delinquency collection.'" *Id.* (alterations in original) (quoting *Kaiser Steel Corp.*, 455 U.S. at 87). Therefore, while the Court finds that Defendant has met its burden under Rule 56(d), the Court equally notes that it will follow Sixth Circuit law in this ERISA case. *See Lipker v. AK Steel Corp.*, 698 F.3d 923, 928 (6th Cir. 2012) ("When interpreting ERISA plan provisions, general principles of contract law apply"); *Wilson v. Bridge Overlay Sys.*, 129 F. Supp. 3d 560, 575 (S.D. Ohio 2015) (citations omitted) ("The Sixth Circuit has consistently stated that extrinsic evidence should only be admitted after a provision has been found to be ambiguous.").

## IV. CONCLUSION

For the above reasons, Defendant's Motion for Leave to Amend (Doc. 14) is **GRANTED**. Further, Defendant's Rule 56(d) Motion (Doc. 23) is **GRANTED in part** to the extent that discovery is appropriate before resolving Plaintiffs' pending summary judgment motion. As noted, however, the Court is not defining the parameters of permissible discovery at this time. Instead, the parties are **DIRECTED** to work together to resolve discovery disputes informally before seeking judicial intervention. If unable to resolve their discovery disputes by October 16, 2018, the parties shall file a joint status report regarding the specific disputes.

Given this procedural posture, the discovery deadline in this matter is **EXTENDED** from October 12, 2018 to November 9, 2018. The Court intends to extend other deadlines in this case as well, and, to that end, the parties are **DIRECTED** to submit a proposed case schedule by October 16, 2018.

IT IS SO ORDERED.


Date: October 2, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE